UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| VICTOR CASTELLANOS and | ) |
|---|---|
| JOHANNA CASTELLANOS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL NO. 2:14cv250 |
| | ) |
| DENISE M. HALLETT and | ) |
| HALLETT LAW OFFICE, P.C., | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

This matter is before the court on a motion for attorney's fees filed by the plaintiffs, Victor Castellanos and Johanna Castellanos (collectively "the Castellanos") on September 16, 2014. The defendants, Denice M. Hallett and Hallett Law Office, P.C., (collectively "Hallett"), filed their response on September 30, 2014, to which Castellanos replied on October 7, 2014.

For the following reasons, the motion will be granted.

Discussion

On September 2, 2014, the Castellanos filed their acceptance of the Rule 68 Offer of Judgment served by Hallett. On September 5, 2014, the Court entered judgment in favor of the Castellanos and against Hallett in the amount of $2,000. The judgment also provided for reasonable attorney's fees and costs in an amount to be determined by the Court.

The Castellanos' claims were brought under the Fair Debt Collection Practices Act which provides for reasonable attorney's fees and costs in a successful action to enforce liability. 15 U.S.C. §1692k(a)(3). As set forth in the Declaration of Daniel A. Edelman, the Castellanos' counsel includes experienced consumer attorneys, all of whom contributed their skills and expended their resources in a coordinated effort in the litigation of this matter.

According to the billing statements submitted by the Castellanos, the time incurred by Edelman, Combs Latturner & Goodwin, LLC ("ECLG"), as of September 5, 2014 in this action was $3,434.00. The billing statements contain a complete list of the work performed on the file. The Castellanos argue that the hours incurred were reasonably necessary for pursuing this matter on their behalf.

The Castellanos state that matters were delegated to paralegals or other support staff as appropriate. The Castellanos contend that the rate of $480 charged for Michelle R. Teggelaar, the attorney who primarily worked on this file, is reasonable. A rate $400 for Ms. Teggelaar was approved by Chief Judge Simon in the Northern District of Indiana in 2007. The current rate of $480 reflects a modest increase over the past seven years. A rate of $445 for Ms. Teggelaar was examined and discussed by Judge Matthew F. Kennelly in the Northern District of Illinois. *In re Southwest Airlines Litigation*, 2013 WL 5497275 (N.D. Ill. October 3, 2013) Judge Kennelly considered the rate, which he acknowledged was a few years old and may not reflect the current rate, to be a reasonable rate for an attorney of that experience and in the area of consumer protection.

In response, Hallett points out that this case involved one issue: whether two letters sent by Hallett to the Castellanos complied with 15 U.S.C. § 1692(g). This section of the Fair Debt Consumer Practices Act requires initial collection letters to state that the debtors must respond within thirty days of receipt of the letter or else the debt will be assumed valid. The letters at issue in this case stated that the response was due within thirty days of the date of the letter, not thirty days from receipt of the letter. Because of that simple mistake, Hallett offered the Castellanos $2000 in settlement, which the Castellanos accepted.

Hallett argues that due to the simplicity of the case, it is unreasonable for the Castellanos' attorneys to seek $3434 in attorney fees. Hallett claims that Attorney Michelle Teggelaar and her paralegal spent 11 hours on a case that involved no more than filing a boilerplate complaint, making a settlement demand, and accepting a settlement offer. Hallett asserts that these tasks should not have taken more than three hours to complete.

Hallett contends that $480 an hour is not a reasonable rate considering the straightforward nature of this case. Hallett cites to *Gastineau v. Wright*, 592 F.3d 747 (7th Cir. 2010), for the proposition that a reasonable rate in a fair debt practices case is $150.00 an hour. Hallett acknowledges that the attorney in *Gastineau* did not have the same level of experience at Attorney Teggelaar. In fact, the attorney in *Gastineau* had never worked on a fair debt practices case before and spent a great deal of time learning the area of law on the job.

As the Castellanos note in reply, the Seventh Circuit has held that it is not proper to reduce an attorney's rate for handing a consumer protection case under the FDCPA because this could deter competent counsel from taking these types of cases. *Tolentino v. Friedman*, 46 F.3d 645, 652-53 (7th Cir. 1995). It is also clear that the rates the Castellanos attorney and paralegal charged for this case were the same rates paid by hourly paying clients, which rates have been approved by the Seventh Circuit, as noted above. Moreover, as set forth in the Declaration of David J. Philipps, an experienced FDCPA attorney, a rate of $525 per hour for attorney work and $175 an hour for paralegal work, are reasonable billing rates in this area for FDCPA cases.

As for the number of hours spent on the case, 5.8 hours by Attorney Teggelaar, and 5.2 hours by her paralegal, the Castellanos point out that this represents very efficient use of time and that their counsel did not even bill for time drafting the complaint (as that was drafted by an

administrative assistant).

This court has reviewed the billing statements and finds both the hourly rates and the hours billed to be reasonable. Attorney Teggelaar has extensive experience with FDCPA cases and was able to achieve a quick and satisfactory settlement for her clients. To decrease her fee request in this case would be a miscarriage of justice and contrary to Seventh Circuit case law. Accordingly the motion for attorney fees will be granted in its entirety.

## Conclusion

On the basis of the foregoing, the Castellanos' motion for attorney fees [DE 13] is hereby GRANTED.

Entered: October 28, 2014.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court